UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cr-20116-GAYLES/TURNOFF

**UNITED STATES OF AMERICA**,

v.

**RICHARD ANTHONY SILER**,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on Defendant Richard Anthony Siler's *pro se* Motion for Compassionate Release, Requesting Transferal to Home Confinement (the "First Request") [D.E. 123] and Motion for Modification of the Term of Imprisonment Pursuant to 18 U.S.C. § 3582 (the "Second Request") [D.E. 130] (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, the Motions are denied.

## BACKGROUND

Defendant is a 58-year-old incarcerated at Federal Correctional Institution, Jesup ("FCI Jesup") in Jesup, Georgia, with a projected release date of January 21, 2025. On October 22, 2014, the Court sentenced Defendant to a 154-month term of imprisonment for: (1) use of an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2); (2) aggravated identity theft in violation of 18 U.S.C. § 1028A(1)(1); and (3) possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). [D.E. 68 at 1], *amended by* [D.E. 101]. The Court

also imposed a three-year term of supervised release which shall commence upon his release from imprisonment. *Id.* at 3.

Defendant alleges that he made two separate requests for compassionate release with the Warden of FCI Jesup—the first on April 24, 2020 and the second on May 1, 2020—but did not receive a response to either request. *See* [D.E. 126 at 3–4]; [D.E. 130 at 1]. On July 28, 2020, Defendant filed his First Request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), [D.E. 123], which he supplemented on August 3, 2020, [D.E. 124]. On September 7, 2021, Defendant filed his Second Request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [D.E. 130]. Defendant argues that his age, medical condition, remaining term of imprisonment, severity of the crime committed, and conduct at FCI Jesup warrants his release in light of the current COVID-19 pandemic. [D.E. 123 at 3]; [D.E. 130]. Defendant states that his medical conditions include hypertension, diabetes, only having one kidney, and obesity. [D.E. 123 at 3]; [D.E. 130 at 2–3]. On July 13, 2020, Defendant tested positive for COVID-19, [D.E. 125-1 at 1], which he recovered from as of July 30, 2020, [D.E. 127]; [D.E. 127-1].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## ANALYSIS

The Government argues that the Motions should be denied because Defendant: (1) failed to exhaust his administrative remedies; (2) did not present extraordinary and compelling circumstances warranting his release; and (3) did not show that he does not remain a danger to the community.[1] [D.E. 125 at 5–7]. The Government also argues that because Defendant contracted COVID-19 and recovered, his Motions are moot.[2] [ECF No. 127]. The Court need not determine whether Defendant properly exhausted his administrative remedies because his Motions fail on the

---

[1] The Government did not file a response to Defendant's Second Request.
[2] While it is notable that Defendant contracted COVID-19 and recovered, there is insufficient data to determine whether reinfection can be more, less, or equally severe for an individual. *See Reinfection with COVID-19*, Ctrs. for Disease Control & Prevention (Aug. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Dec. 13, 2021) ("We are still learning more about COVID-19 . . . [and] [h]ow severe are cases of reinfection.").

merits. Specifically, Defendant fails to show that extraordinary and compelling reasons warrant his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The application notes of § 1B1.13 of the United States Sentencing Guidelines Manual provide four categories of "extraordinary and compelling reasons" that may warrant release: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; or (4) other reasons "[a]s determined by the Director of the Bureau of Prisons . . . ." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Because § 1B1.13 "governs all motions under Section 3582(c)(1)(A) . . . [,] district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). "Thus, . . . the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *Id.*

Here, Defendant argues that his medical condition and age warrant his release in light of the current COVID-19 pandemic. While the Court is cognizant of the real threat COVID-19 presents to individuals currently incarcerated and is sympathetic to Defendant's concerns about the dangers of the pandemic, he fails to meet his burden of showing "extraordinary and compelling reasons" that warrant his release. *See* 18 U.S.C. § 3582(c)(1)(i). Defendant fails to provide current proof of his underlying medical conditions of hypertension, diabetes, only having one kidney, and obesity, nor does he allege that his health is deteriorating.[3] *See, e.g.*, *United States v. Dicks*, No. 2:16-cr-109-FTM-38CM, 2020 WL 2731025, at *2 (M.D. Fla. May 26, 2020) (defendant failed to provide medical records or allege deteriorating health); *United States v. Brown*, No. 14-cr-60161,

---

[3] According to the 2014 Presentence Investigation Report, Defendant stated that he suffered from diabetes and high blood pressure, for which he took prescription medicine. [ECF No. 65 at 16 ¶ 63].

4

2020 WL 2568807, at *4 (S.D. Fla. May 21, 2020) (defendant failed to allege deteriorating health); *United States v. Bueno-Sierra*, No. 93-cr-00567, 2020 WL 2526501, at *5 (S.D. Fla. May 17, 2020) (same); *United States v. Benitez*, No. 2:14-cr-124-FTM-38MRM, 2020 WL 2487853, at *2 (M.D. Fla. May 14, 2020) (defendant failed to provide medical records or allege deteriorating health). Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, 2:17-cr-78-FTM-38NPM, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citation omitted).

Even so, compassionate release is not warranted based on Defendant's underlying offenses and his criminal history. Defendant's underlying convictions are based on his possession and use of personal identification information for thousands of individuals. [ECF No. 65 at 4–6 ¶¶ 3–12]. Defendant also has a significant criminal history, including felony convictions for Manslaughter, Carrying a Concealed Firearm, Grand Theft, and Possession of Cocaine. *Id*. at 7–12 ¶¶ 30–43. Therefore, the Court finds that Defendant remains a danger to the community.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Richard Anthony Siler's *pro se* Motion for Compassionate Release, Requesting Transferal to Home Confinement, [D.E. 123], is **DENIED**.

2. Defendant Richard Anthony Siler's *pro se* Motion for Modification of the Term of Imprisonment Pursuant to 18 U.S.C. § 3582, [D.E. 130], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of December, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE